Abraham J. Gellinoff, J.
Defendant applies for a writ of error cor am nobis attacking a judgment of this court, rendered April 16,1969, convicting him of conspiracy as a felony (former Penal Law, §§ 580-a, 850), nine counts of extortion (former Penal Law, § 850), and two counts of attempted extortion (for *590 mer Penal Law, §§ 2, 850). The evidence at trial conclusively proved that Kissel, the petitioner herein, together with two other officials of Local 174 of the Amalgamated Meat Cutters and Butchers Union, successfully extorted from nine pork products producers of New York City some $44,000 under a threat of union action, and attempted to extort from two others.
Kissel, who bore a major share of the guilt, was sentenced to prison terms totaling not less than seven and one-half years, nor more than 15. Kissell appealed the conviction, his appellate counsel writing a lengthy and extensive brief, arguing seven legal issues. The Appellate Division unanimously affirmed the conviction (34 A D 2d 616 [1970]); leave to appeal to the Court of Appeals was denied by Judge Burke on May 5, 1970; the Supreme Court denied certiorari (400 U. S. 878 [1970]).
In'the instant petition, dated June 21, 1971, Kissel alleges that his appellate counsel improperly convinced him not to argue in the Appellate Division that the sentence was excessive, although defendant originally had requested counsel to do so. He claims, therefore, that he is entitled to a reinstated appeal from the judgment under People v. Montgomery (24 N Y 2d 130) in order to raise such claim. The contention is meritless.
Whatever the basis for appellate counsel’s decision not to raise the issue of the sentence on appeal, this court will not interfere with that strategy (People v. De Renzzio, 19 N Y 2d 45). For, except in the circumstances, obviously not present here, where the totality of representation is so wholly lacking substance as to make it a virtual nullity, cor am nobis does not lie to attack the actions of counsel, even where plainly incorrect. The court does not stand as surety for error-free representation (People v. Leeson, 27 N Y 2d 680; People v. Tomaselli, 7 N Y 2d 350, 356; see, McMann v. Richardson, 397 U. S. 759 [1970]).
Petitioner’s reliance upon Montgomery (supra) and People v. Lynn (28 N Y 2d 196) is misplaced. Montgomery provided for a reinstated appeal for those defendants who had been prevented, by counsel’s failure to inform them of their appellate rights, from perfecting and prosecuting any appeal at all. Lynn limited the impact of Montgomery with respect to defendants who had pleaded guilty by requiring that more be shown than mere ignorance of appellate rights. Neither decision in any way supports petitioner’s contention that every possible issue on appeal should be treated as a separate appeal, and that a defendant’s ignorance as to the advisability of his raising a particular issue should entitle him to a second appeal. To adopt such argument would result in an untoward ruling that would create an ava *591 lanche of appellate litigation and make a mockery of the concept of finality of judgments.
Apart from the foregoing, the petition lacks merit since, despite counsel’s refusal to raise the sentence issue on appeal, the question was, in any event, before the Appellate Division. That court, in the interests of justice, can — and often does — modify a sentence even when neither side argues the point (see, e.g., People v. Simon, 36 A D 2d 700, dissenting opn. McGivern, J.).
Defendant’s application is denied.